UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MARY PECK, MICHAEL SCULLI, and
CAROLYN PROPER,
    On behalf of themselves and all
    others similarly situated,

    Plaintiffs,

vs.

HILLSIDE CHILDREN'S CENTER and
HILLSIDE FAMILY OF AGENCIES

    Defendants.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**Civil Action No. _____**

## NATURE OF ACTION

1. This is a proceeding for injunctive relief and monetary damages to redress the deprivation of rights secured to Plaintiffs individually, as well as all other employees similarly situated under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL") (collectively the "Class Members").

## JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 § 1343 (3) and (4); and 29 U.S.C. § 216(b).

3. This Court's supplemental jurisdiction of claims arising under New York State Law is also invoked, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff

*Named Plaintiffs*

5. Plaintiff Mary Peck is an individual residing in the Village of Waterloo, County of Seneca, and State of New York, who was employed by Defendants from on or about April 17, 2009 until on or about May 9, 2011, and who at all relevant times was an hourly employee of Defendants, under the FLSA and NYLL, within this District.

1

6. Plaintiff Michael Sculli is an individual residing in the City of Geneva, County of Ontario, and State of New York, who was employed by Defendants from in or about March of 2005, until in or about December of 2010, and who at all relevant times was an hourly employee of Defendants, under the FLSA and NYLL, within this District.

7. Plaintiff Caroline Proper is an individual residing in the Village of Waterloo, County of Seneca, and State of New York, who was employed by Defendants from on or about December 4, 2004 until on or about April 25, 2011, and who at all relevant times was an hourly employee of Defendants, under the FLSA and NYLL, within this District.

*Class Members*

8. The Class Members are those employees of Defendants' who were suffered or permitted to work by Defendants and not paid their regular or statutorily required rate of pay for all hours worked.

<u>Defendants</u>

9. Defendant Hillside Children's Center provides short-term residential services for children at a variety of locations located throughout New York State, including a facility known as the "Varick Campus," located at 4887 State Rt. 96A, Romulus, NY, and maintains offices at 1183 Monroe Avenue, Rochester, NY 14620.

10. Upon information and belief, Defendant Hillside Family of Agencies is a New York State not-for-profit corporation, of which Hillside Children's Center is a subsidiary and/or affiliate, and maintains offices at 1183 Monroe Avenue, Rochester, NY 14620.

11. At all times relevant to this action, Hillside Children's Center is/was the employer of Plaintiffs and Class Members within the meaning of 29 U.S.C. § 203(d), and comprises an "enterprise" engaged in commerce as defined in U.S.C. §§ 203(r) and 203(s).

12. At all times relevant to this action, Hillside Family of Agencies is/was the employer of Plaintiffs and Class Members within the meaning of 29 U.S.C. § 203(d), and comprises an "enterprise" engaged in commerce as defined in U.S.C. §§ 203(r) and 203(s).

## CLASS ACTION ALLEGATIONS

13. The class consists of current and former employees of Defendants' who were injured by Defendant's illegal pay policies, which policies caused Class Members to not be paid for all hours worked.

14. Common questions of fact and law predominate in this action because the claims of all Class Members are based on whether Defendants' practice of not paying nonexempt employees for all hours worked and/or overtime for hours worked in excess of forty per workweek violates the law.

15. The class size is believed to be in excess of 50 current and former employees.

16. The Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of the other Class Members.

17. There are no known conflicts of interest between Plaintiffs and other class Members.

18. The Class Counsel, Ferr & Mullin, is qualified and able to litigate the claims of Plaintiffs and Class Members.

19. The claims arising under the New York Labor Law are maintainable as a class action under Federal Rule of Civil Procedure 23(b), subsections (2) and (3), because the Plaintiffs and Class Members seek injunctive relief, common questions of fact and law predominate among the Plaintiff and Class Members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FACTUAL BACKGROUND

20. During all relevant times, Defendants maintained illegal pay policies that denied Plaintiffs and Class Members compensation for all hours worked, including applicable premium (overtime) rates.

21. During all relevant times, Defendants are or were employers for purposes of the Fair Labor Standards Act and the New York Labor Law.

22. During all relevant times, Plaintiffs and Class Members are or were employees of Defendants' for purposes of the Fair Labor Standards Act and the New York Labor Law.

23. Defendants have consistently suffered or permitted Plaintiffs and Class Members to perform work for more than forty hours per work week.

24. However, Defendants have failed to pay Plaintiffs and Class Members for all time spent performing such work.

25. Defendants' practice is to provide Plaintiffs and Class Members with a schedule, and to require them to submit timesheets matching the schedule, regardless of hours actually worked.

26. Plaintiffs and Class Members routinely worked later than the time scheduled until and paid for, due to the business requirements of Defendants.

27. Plaintiffs and Class Members were specifically prohibited from reporting all hours worked, including overtime hours, on their timesheets.

28. All work done by Plaintiffs and Class Members was done with Defendants' full knowledge.

29. Plaintiffs and Class Members frequently, if not always, worked in excess of forty hours each work week.

30. Defendants routinely did not pay Plaintiffs or Class Members additional compensation, one and one-half times their normal hourly rate or otherwise, for hours worked in excess of forty per work week.

31. Plaintiffs and Class Members are/were entitled to be paid for every hour worked, and to be paid one and one-half times their normal hourly rate for each hour worked in excess of forty per work week.

32. Plaintiffs and Class Members have been subject to Defendants' pay and timekeeping policies which fail to ensure that employees are compensated for all hours worked.

33. Defendants are aware that Plaintiffs and Class Members are entitled to overtime pay for hours worked in excess of forty per work week.

34. Defendants' practice is to be deliberately indifferent to the violations of statutory wage and overtime requirements caused by their policies.

35. Defendants' failure to pay overtime as required by the FLSA and New York Labor Law is and has at all relevant times been willful.

36. Defendants, by knowingly and willfully prohibiting Plaintiffs and Class Members from reporting all hours worked, effectively misinformed and misled Plaintiffs and Class Members as to their rights.

37. Defendants, by knowingly misinforming Plaintiffs and Class Members about their wage and overtime rights, concealed said rights from Plaintiffs and Class Members.

38. Defendants, by prohibiting Plaintiffs and Class Members from reporting all hours worked, effectively forced them to keep silent in order to retain their jobs.

39. Equity requires that the statute of limitations for any wage or overtime claims be tolled effective on the date(s) Defendants prohibited Plaintiffs and Class Members from reporting all hours worked.

40. Defendants failed to act in good faith by failing to pay wages and overtime as required by the New York Labor Law and common law.

41. By entering into an employment relationship, Defendants and Plaintiffs and Class Members entered into a contract for employment, including implied contracts and express contracts. Some of these contracts were oral express and/or implied contracts, and some of them were memorialized in writing.

42. Defendants failed to pay all wages due to Plaintiffs and Class Members on regular days designated in advance pursuant to New York Labor Law.

43. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Plaintiffs and Class Members, in violation of the FLSA and New York Labor Law.

## FIRST CAUSE OF ACTION: FLSA

44. Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

45. Defendants violated their obligations under the FLSA and are liable to Plaintiffs and Class Members.

46. Further, Defendants' violations of their obligations under the FLSA were willful.

## SECOND CAUSE OF ACTION: NEW YORK LABOR LAW

47. Plaintiff and Class Members reallege the above paragraphs as if fully restated herein.

48. As a direct and proximate cause of Defendants' acts, including the failure to act in good faith, Defendants have willfully violated the New York Labor Law, and the supporting regulations issued by the New York State Department of Labor, with respect to their obligations to Plaintiffs and Class Members.

## THIRD CAUSE OF ACTION: ESTOPPEL

49. Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

50. Defendants are estopped from asserting statute of limitations defenses against Plaintiffs and Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and Class Members demand judgment against Defendants, and respectfully request that this Court grant the following relief:

a. an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

b. an award crediting Plaintiffs and Class Members for all hours worked, at the appropriate hourly rates;

c. an award of the value of the value of Plaintiffs' and Class Members' unpaid wages and overtime;

d. liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to Plaintiffs and Class Members;

e. an award of reasonable attorneys' fees, expenses, expert fees, and all other costs incurred in vindicating Plaintiffs' and Class Members' rights;

f. an award of pre- and post judgment interest;

g. the amount equal to the value which would make Plaintiffs and Class Members whole for the violations; and

h. such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: November 2, 2011

Respectfully submitted,

By: /s/ Robert L. Mullin
Robert L. Mullin
Ferr & Mullin
Attorneys for Plaintiffs and Class Members
7635 Main St. Fishers
P.O. Box 440
Fishers, NY 14453
t (585) 869-0210
f (585) 869-0223
rlmullin@FerrMullinLaw.com