UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY PECK,
MICHAEL SCULLI,
CAROLYN PROPER,
On behalf of themselves and all others similarly situated,

                            Plaintiffs,

                                                                           DECISION AND ORDER

                                                                           11-CV-6545L

                        v.

HILLSIDE CHILDREN'S CENTER
HILLSIDE FAMILY OF AGENCIES,

                            Defendants.
_____

       This is an action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq., and the New York Labor Law, alleging that defendants, Hillside Children's Center and Hillside Family of Agencies (collectively "Hillside") have failed to pay plaintiffs wages as required by law. The three named plaintiffs, Mary Peck, Michael Sculli, and Carolyn Proper, all of whom are former employees of Hillside, assert claims on behalf of themselves and a class of Hillside employees who allegedly have not been paid for all the hours they have worked.

       By Order entered on October 1, 2012 (Dkt. #24), the Court denied defendants' motion to dismiss the original complaint (Dkt. #5), and gave plaintiffs until October 26, 2012 to file an amended complaint. Plaintiffs did so on October 8, 2012 (Dkt. #25). Defendants have now moved to dismiss or strike that portion of the amended complaint that asserts claims on behalf of the abovementioned class. Defendants concede, at this stage at least, that plaintiffs have pleaded facially sufficient claims on their own behalf, but defendants contend that the class, or "collective" action claims are not well pleaded and are subject to dismissal.

The parties have filed several other motions, not all of which are ripe for decision. Plaintiffs have filed a motion (Dkt. #14) seeking "conditional" certification of a class under the FLSA. In that motion, plaintiffs request that the Court issue an order directing the issuance of a notice to potential class members, informing them of the filing and general nature of this action, and of their right to opt in to the FLSA action.

Shortly after plaintiffs filed that motion, defendants filed a motion (Dkt. #17) to stay the Court's consideration of the conditional certification motion, pending resolution of the then-pending motion to dismiss the original complaint. As memorialized in a letter from defense counsel to the Court dated September 6, 2012, the parties agreed that the deadline for defendants to file their opposition to the conditional certification motion would be postponed until after the Court's decision on the motion to dismiss and/or the motion to stay.[1]

**DISCUSSION**

Rule 12(b)(6) provides that a complaint may be dismissed when it fails to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (citing *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)).

To survive a motion to dismiss, the complaint must contain more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1]By so agreeing, the parties effectively rendered moot the motion to stay.

678 (2009). At the same time, however, "a plaintiff need not plead specific, admissible evidence in support of a claim ... ." *Campanella v. County of Monroe*, 853 F.Supp.2d 364, 378 (W.D.N.Y. 2012). *See Briggs v. Women in Need, Inc.*, 819 F.Supp.2d 119, 124-25 (E.D.N.Y. 2011) ("*Twombly* 'affirmed the vitality of *Swierkiewicz*[ v. Sorema, 534 U.S. 506 (2002)], which applied a notice pleading standard, and explained that its decision did not require heightened fact pleading of specifics'") (quoting *Boykin v. KeyCorp.*, 521 F.3d 202, 213 (2d Cir. 2008)) (additional internal quotation marks omitted).

To state a claim under the FLSA, a plaintiff must allege that (1) he was an employee eligible for overtime pay; and (2) that he actually worked overtime without proper compensation. *See DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 507 (E.D.N.Y. 2011); *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). Both the FLSA and the New York Labor Law require "more than vague legal conclusions to survive a [Rule] 12(b)(6) motion." *James v. Countrywide Fin. Corp.*, 849 F.Supp.2d 296, 321 (E.D.N.Y. 2012). "To state a claim under the FLSA, a plaintiff must allege, at a minimum, the approximate number of unpaid hours worked." No. 11 Civ. 03986, 2012 WL 2864519 (S.D.N.Y. July 12, 2012).

"To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632, 2011 WL 2791331, at *5 (D.Colo. July 14, 2011). A plaintiff can carry that burden, at the notice stage, by presenting "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002)).

While courts have reached divergent results in this area, *compare Creech v. Holiday CVS, LLC*, No. Civ. A. 11-46, 2012 WL 4483384, at *3 (M.D.La. Sept. 28, 2012) (finding that plaintiff's "collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion"), *with Long v. CPI Sec. Systems, Inc.*, No. 3:12-cv-396, 2012 WL 3777417, at *5 (W.D.N.C. Aug. 30, 2012) (stating that "[d]efendant's argument that this Court should dismiss

Plaintiff's 'collective action allegations,' ... is inappropriate at this stage in the litigation"), I conclude that the allegations in the amended complaint are sufficient to permit plaintiffs' collective action claims to go forward, at least at the pleading stage.

"While *Twombly* and *Iqbal* reformed the Rule 12(b)(6) pleading standard, ... these cases left intact the long-standing fundamentals of notice pleading." *Pruell v. Caritas Christi*, No. 09-11466, 2010 WL 3789318, at *1 (D.Mass. Sept. 27, 2010) (citing *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)). That standard requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation omitted). Although a complaint must contain enough facts to show that it is "plausible" that the plaintiff is entitled to relief, *see Twombly*, 550 U.S. at 555, pleading specific evidence or detailed factual allegations beyond what is needed to make the claim plausible is not required. *Id.* at 570 (Rule 8 "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face").

The complaint here accomplishes that. Plaintiffs allege that they and other class members were required to work extra hours in certain situations (for example, to supervise children in detention, to fill out certain paperwork, and to attend meetings), and that they were not paid for that time. Amended Complaint (Dkt. #25) ¶¶ 27-31. They also allege that they were "specifically prohibited from reporting all hours worked, including overtime hours, on their timesheets." *Id.* ¶ 32. That policy was allegedly communicated to Hillside employees both informally and "specifically told to Plaintiffs and Class Members by Amy Hollen, who was [Hillside's] Supervisor of Education at that time." *Id.* ¶ 32. Plaintiffs allege that the amount of unpaid overtime averaged around five hours per employee per week. *Id.* ¶ 34.

Defendants contend that plaintiffs' allegations concerning other class members are not detailed enough to render it plausible that other employees were subjected to the same policies and practices as plaintiffs. In evaluating a complaint, however, the Court must take care not to turn

*Twombly*'s plausibility standard into a probability requirement. *See Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 184-85 (2d Cir. 2012), *cert. denied*, ___ U.S. ___, 2013 WL 57139 (2013); *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323-24 (2d Cir. 2011). *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (noting that neither *Twombly* nor *Iqbal* heightened the pleading requirements under the federal rules, and that in fact *Twombly* made clear that any standard requiring the pleading of specific facts beyond those necessary to state a claim and the grounds showing entitlement to relief is "impermissibl[e]") (citing *Twombly*, 550 U.S. at 570) (brackets in original), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1636 (2012). The question is not whether the Court believes that plaintiffs' allegations are likely true, but whether, on their face, they state a plausible, rather than fanciful, claim.

Defendants' arguments are more directed toward whether a class or collective action should be certified here, rather than whether plaintiffs' claims are facially sufficient, and would be better considered in that context. *See Bogdon v. Newmont USA Ltd.*, No. 3:11-cv-00317, 2011 WL 6253151 at *3 (D.Nev. Dec. 2, 2011) (denying Rule 12(b)(6) motion where plaintiff alleged sufficient facts to "plausibly infer" that he was similarly situated with proposed collective action class members, and leaving further factual scrutiny to the conditional certification phase); *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514 at *4 (N.D.Ill. Jan. 4, 2012) (same); *Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 919 n.1 (D.Ariz. 2010) (stating that defendant's argument that plaintiff had not pleaded facts sufficient to show that she was similarly situated to the members of her proposed FLSA opt-in class was "more appropriate for resolution in a Motion for Collective Action Notification, rather than a Motion to Dismiss relying on *Twombly* and *Iqbal*"); *Hughes v. Getronics Wang LLC*, No. 07 Civ. 10356, 2008 WL 2778885, at *1 (S.D.N.Y. July 8, 2008) (same). As stated, the parties previously agreed to defer defendants' deadline to respond to plaintiffs' FLSA certification motion, and the Court's denial of defendants' present motion to dismiss renders it appropriate for defendants now to file their response to the certification motion, as set forth in the Conclusion to this Decision and Order.

## CONCLUSION

Defendants' motion to dismiss or strike plaintiffs' class and collective action claims (Dkt. #26) is denied.

Defendants' motion to stay consideration of plaintiffs' motion for conditional certification of a class under the FLSA (Dkt. #17), and their motion for an expedited hearing on the motion to stay (Dkt. #18) are denied as moot.

Defendants shall file their response to plaintiff's motion for FLSA certification and for expedited notice to affected employees (Dkt. #14) within thirty (30) days after the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 10, 2013